NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN PHILIP SCHUYLER, | No. 19-15590 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00277-LEK-KSC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 8, 2020[**]
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Sean Schuyler applied for social security benefits. An administrative law

judge ("ALJ") determined that the evidence of his disability supported only

moderate restrictions for his capacity to work and denied him benefits. Schuyler

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

appealed the ALJ's determination to a district court and the district court reversed, holding that the ALJ had committed harmful legal error by: 1) rejecting Schuyler's testimony that he needed one day off per week without providing specific, clear and convincing reasons; and 2) rejecting lay evidence regarding Schuyler's need to take one day off per week without providing germane reasons. The district court then determined that "there are no serious doubts as to whether [Schuyler] is or is not disabled," and remanded the case for an award of benefits. The Commissioner of Social Security appeals the district court's ruling. We affirm in part and reverse in part.

1. The ALJ erred by rejecting Schuyler's testimony without providing specific, clear, and convincing reasons. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). Schuyler testified that at least once a week he has a "bad day," on which his symptomatology is more significant, and he will usually not go into the place where he volunteers, or, if he does, he will not stay the whole eight hours. Because of his need to take breaks which sometimes require the entire day off, he testified that he could not complete an ordinary work week.

Here, in determining that the claimant was only moderately restricted, the ALJ effectively rejected the claimant's testimony that he needed one day off per week. In doing so, the ALJ neither found Schuyler to be malingering, nor did the

ALJ provide specific, clear, and convincing reasons for rejecting Schuyler's testimony. This was legal error. *See id.* Because a vocational expert testified before the ALJ that a claimant who needed one day off per week would not be employable, that error was not harmless.

2. Several people submitted lay evidence in support of Schuyler's disability claim. Testimony from lay witnesses can be disregarded if the ALJ "gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quotation marks and citation omitted). The ALJ is not required to analyze every lay witness's testimony, "[r]ather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded by regulation on other grounds*.

The ALJ did provide germane reasons for rejecting the lay evidence. He rejected the lay evidence because he found it inconsistent with the opinions of medical professionals and inconsistent with Schuyler's medical evaluations. The ALJ also rejected the lay evidence because he found it inconsistent with Schuyler's daily activities. Either reason that the ALJ provided for rejecting the lay testimony is legally sufficient. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

3.     When an ALJ has committed harmful error, we generally remand the case to the agency for further proceedings. *Treichler*, 775 F.3d at 1099. However, in "rare circumstances," we may reverse and "remand for an award of benefits." *Id*. at 1100 (citation omitted). This case is not one of those rare circumstances. Upon review of the record, it is not sufficiently clear that Schuyler could not sustain regular work. Indeed, several medical professionals opined that he likely could. Further factual development is warranted on this point. We therefore remand this case to the district court and instruct it to remand to the ALJ so the ALJ may resolve this factual dispute and reconsider its residual functional capacity finding in light of Schuyler's testimony that he needs one day off per week. *See id.* at 1102.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. Each party shall bear its own costs on appeal.**